**Aaron DUNN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 735.**

Supreme Court of Alaska.

May 5, 1967.

George B. McNabb, Fairbanks, for appellant.

Thomas E. Fenton, Dist. Atty., Douglas B. Bailey, Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., DIMOND, J., and SANDERS, Superior Court Judge.

DIMOND, Justice.

Appellant was indicted, tried and convicted of the crime of living with a prostitute. He appeals, claiming that the indictment was fatally defective for failure to charge a

crime, and that the trial court erred in failing to give to the jury an instruction requested by appellant.

*The Indictment*

In pertinent part the indictment read:

That between approximately January 1, 1964 and February 10, 1964, at or near Fairbanks, in the Fourth Judicial District, State of Alaska, Aaron Dunn, a male person, did wilfully, unlawfully and feloniously live with Hedy Diana Rea, a common prostitute * * *.

The statutory provision, AS 11.40.410, under which appellant was charged and indicted provides as follows:

A male person who lives with a common prostitute or woman of bad repute, or in whole or in part upon the earnings of, or money supplied by a common prostitute or woman of bad repute, is guilty of a felony, and upon conviction is punishable by imprisonment in the penitentiary for a period of not less than two years nor more than 20 years.

Appellant argues that the indictment was defective because it did not charge all of the essential elements of the crime denounced by AS 11.40.410, that is, that not only had appellant lived with a prostitute, but also had lived in whole or in part upon her earnings.

■ AS 11.40.410 denounces as an offense two separate and distinct acts, i. e., living with a prostitute, or living upon her earnings. By stating these two acts in the disjunctive, the offense may consist of doing either. It is unnecessary to allege the doing of both acts in order to charge a crime under the statute. The assertion that one of the two acts was committed will suffice. The indictment in this case, in charging that appellant violated the statute by living with a prostitute, sufficiently stated the commission of a crime because it was a "plain, concise and definite written statement of the essential facts constituting the offense charged."[1]

■ Although it was unnecessary in order to charge the commission of a crime under the statute for the indictment to allege that appellant had not only lived with a prostitute but also had lived on her earnings, the trial court instructed the jury that the state must prove that appellant derived support and maintenance from the earnings of a prostitute before the jury could find appellant guilty of "the offense of living with, or in whole or in part, upon the earnings of a common prostitute." This portion of the instruction was erroneous, because appellant had not been charged with living upon the earnings of a prostitute. However, the error was helpful to appellant's case, rather than prejudicial, because under such an instruction the state was required to prove not just that appellant had lived with a prostitute, as charged in the indictment, but in addition had lived on her earnings, which was not charged in the indictment. The error of the court in instructing the jury to find elements of the crime which were not charged was harmless to the appellant and therefore is to be disregarded and constitutes no ground for reversal of the judgment of conviction.[2]

*Appellant's Requested Instruction*

Appellant contends that the trial court erred in failing to instruct the jury on the definition of "living with", as follows:

The defendant is accused with living with a common prostitute. You are instructed that 'living with' means to dwell, to reside, to make one's abiding place or home with, or to cohabit, and means living together as husband and wife in ordinary acceptation of words of common understanding, maintaining a home and living together in the same household or actually cohabiting under conditions which would be regarded as constituting a

---

1. Criminal Rule 7(c) provides in part:
   The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

2. Criminal Rule 47(a) provides:
   Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

family relation. Thus 'living with' means having a common or joint residing place.

 There was no error. The words "to live with" are commonplace and have no technical meaning peculiar to the law so that a definition ought to have been given. It must be presumed that the jurors, being familiar with the English language, understood the words in their usual or ordinary sense as meaning to dwell or reside with.[3]

Appellant contends that the offense of living with a prostitute under AS 11.40.410 signifies or denotes a relationship between a man and woman similar to the cohabitation of man and wife, and that unless this was made clear to the jury by a definition of "live with" it would be possible for one to be convicted of the offense of living with a prostitute on a mere showing of occasional acts of intercourse.

Such a likelihood did not exist in this case either under the court's instructions or under the evidence. The court instructed the jury that the state had to prove that between January 1 and February 10, 1964 appellant lived with the prostitute "in actual illicit cohabitation involving an element of sexual intercourse between them." Such an instruction makes it evident that an occasional act of sexual intercourse was not sufficient. It had to be proved beyond a reasonable doubt that for a definite period of time of 41 days, appellant and a prostitute had cohabited together, or lived together in the manner of husband and wife,[4] with the normal act of sexual intercourse being a factor involved in the relationship.

The relationship between appellant and the prostitute was not just a casual one. The evidence showed that they lived and kept all their personal belongings in the same apartment, customarily slept in the same bed, engaged in frequent sexual relations, and that they did these things continuously and regularly for the period mentioned, i. e., between January 1 and February 10, 1964. The jury could find from such evidence and under the court's instructions that appellant had "lived with" a prostitute within the ordinary meaning and common understanding of that term.

The judgment is affirmed.

---

3. See State v. Lyskoski, 47 Wash.2d 102, 287 P.2d 114, 119 (1955); People v. Deibert, 117 Cal.App.2d 410, 256 P.2d 355, 363 (1953); People v. Chavez, 37 Cal.2d 656, 234 P.2d 632, 639 (1951).

4. To "cohabit" means "to live together as husband and wife usually without a legal marriage having been performed." Webster, Third New International Dictionary 440 (1966).