Argued January 20, affirmed February 5, 1970

STATE OF OREGON, *Respondent,*
*v.* ROGER LEE ERICKSON, *Appellant.*

464 P. 2d 707

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

## SCHWAB, C. J.

Defendant was convicted upon trial by jury of the crime of being an ex-convict in possession of a firearm. His sole assignment of error on appeal is that the court erred in denying his motion to suppress as evidence a loaded automatic pistol seized from his automobile.

Officer Dennis Daly of the Portland Police Department, while operating a prowl car during the late evening of April 12, 1968, noticed a Volkswagen proceeding at what appeared to him to be an excessive rate of speed. Officer Daly followed this vehicle for a few blocks and then caused the driver, defendant Erickson, to stop. Erickson was alone in the Volkswagen. The officer asked the defendant for his driver's license and discovered that Erickson did not have a valid license on his person. The officer then had the defendant sit in the police vehicle while, by means of radio, he checked out the defendant's license status. He was advised by radio that defendant's license had been suspended, whereupon he placed the defendant under arrest and called the "paddy wagon" to come to the scene to take the defendant to the police station. While the two were sitting in the police vehicle the defendant told the officer that he, the defendant, was an ex-convict.

In addition to calling for the "paddy wagon," the officer called for a tow truck to come for the defendant's automobile. When the "paddy wagon" arrived, Officer Daly turned the defendant over to the police

officer operating it and as he put it, "went to secure the Volkswagen." He stated that he was going to remove the keys and, that depending on how long it would take for the tow truck to arrive, he "would put the keys underneath the mat or something" before he went to the police station with the defendant. He testified that when he reached in for the key he observed the butt of the gun in question protruding from under the front seat.

He said that he did not enter the defendant's vehicle for the purpose of searching it, but merely for the purpose of securing it in the event that the tow truck did not arrive promptly, because it was his duty to accompany persons he arrested to the police station.

The entry of Officer Daly into the defendant's vehicle did not constitute a search. By placing the defendant under arrest and separating him from his vehicle the officer, of necessity, exercised dominion over the vehicle. It then became the duty of the officer to take reasonable steps to protect the defendant's property. *Mustola v. Toddy*, 253 Or 658, 456 P2d 1004 (1969). It was proper for the officer, in the performance of his duty, to remove the key from the ignition switch before leaving the vehicle unguarded on a public street at night. This is particularly true in view of the City of Portland Traffic Code § 19-1513 which provides:

> "It shall be unlawful for the owner, driver or person in charge of a motor vehicle, commercial vehicles excepted, to park or permit such vehicle to be parked within the limits of the city of Portland without first stopping the motor, locking the ignition, removing the ignition key and locking the vehicle so as to prevent the starting and operation of the vehicle by an unauthorized person."

The officer, upon entering the vehicle for a proper purpose, saw the pistol in open view before him. He already knew that the defendant was an ex-convict. When, armed with this knowledge, he saw in the defendant's automobile evidence that the defendant was guilty of the crime for which he was subsequently tried —that of being an ex-convict in possession of a firearm, it became the officer's duty to seize this evidence. *State v. Riley*, 240 Or 521, 402 P2d 741 (1965).

The trial court was correct in denying defendant's motion to suppress.

Affirmed.