**Gordon L. McKEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1273.**

Supreme Court of Alaska.

Sept. 24, 1971.

**1040**

R. Collin Middleton, Asst. Public Defender, Ketchikan, for appellant.

G. Kent Edwards, Atty. Gen., Gail R. Fraties, Dist. Atty., Joseph D. Balfe, Asst. Dist. Atty., Juneau, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

1. AS 11.55.030 provides:
 "A person who has been convicted of a felony, or a misdemeanor involving assault and battery, assault with a dangerous weapon, burglary, robbery and

## OPINION

CONNOR, Justice.

Appellant was convicted of the crime of being a convict in possession of a prohibited weapon.[1] On appeal he seeks reversal for certain claimed errors committed in the trial of his case.

### I

The main witness against appellant at trial was Miss Billie Dowd. She testified that on July 25, 1969, she was performing her duties in the State Capitol Building in Juneau, Alaska, as a capitol guide. She was seated at a desk in the lobby on the ground floor. Appellant approached her, and engaged her in conversation. At one point he took a knife from his pocket, which he described as a "Mexican toothpick." He also described how he had stabbed and raped his sister-in-law, and mentioned he was on parole. At some point he kissed Miss Dowd.

Being afraid of appellant, Miss Dowd got into the elevator to go to the fifth floor. Appellant followed her into the elevator. It stopped at the second floor. They both got out, walked around, returned, and continued the journey to the fifth floor. Upon emerging there, appellant was beckoned to by a probation officer. Appellant then took leave of Miss Dowd. The knife was later found in his coat pocket, at the time of his arrest, although the coat was then hung upon a hook in appellant's apartment. The knife was put in evidence at the trial.

Counsel for appellant objected to portions of the testimony of Miss Dowd on grounds of relevancy. It is urged that it is irrelevant that appellant had either stabbed or raped his sister-in-law, that appellant caused Miss Dowd to be afraid of him, or that he kissed her. None of these things

like crimes * * * may not * * * carry concealed about his person a knife with a blade over two inches long * * *"

have to do directly with being a convict in the illegal possession of a knife.

It is true that such evidence normally would be excluded because it would not tend to establish a proposition material to appellant's guilt. However, as we held in Kugzruk v. State, 436 P.2d 962, 967 (Alaska 1968), "evidence is admissible when it tends to complete the picture or set the stage for the crime for which the defendant is being tried."

■ An eye witness to an event should be permitted to testify in a natural manner about what he observed. This ordinarily includes such background facts as where the witness was, how he happened to be there, and what interrelationship he may have had with other persons present at the event about which the witness testifies. Otherwise the testimony of the witness may seem distorted, improbable, or incredible to some degree. To strip away such background evidence may well result in an artificial or false picture of what occurred. Webb v. Commonwealth, 154 Va. 866, 152 S.E. 366 (1930); United States v. Wall, 225 F.2d 905 (7th Cir. 1955), cert. denied 350 U.S. 935, 76 S.Ct. 307, 100 L.Ed. 816 (1956).

In this case the testimony of Miss Dowd covered only a brief period of time. It had at least some relevancy in the sense that appellant's conduct and his statements, regardless of their truth, might tend to explain why he would be the kind of person who would carry a concealed weapon in a public building and exhibit it to a virtual stranger. The braggadocio quality of appellant's demeanor does serve to explain why he might engage in such conduct. Without this evidence the jury would have to determine appellant's guilt in what is virtually an evidentiary vacuum. In that situation there might well be doubts created about whether Miss Dowd ever really saw a knife being displayed to her, or whether she was observant enough to see appellant draw it from his pocket.

■ The state argued at trial that these occurrences were part of the "res gestae."

We do not rest decision on that basis, with its convenient and enticing obscurity. Wigmore, Evidence, § 1757. We think admissibility rests instead upon a practical principle of testimonial completeness. We hold the admission of Miss Dowd's entire testimony to be proper.

II

At trial appellant testified on his own behalf. During cross-examination the prosecution was permitted, over objection, to put in evidence the information, charging assault with a dangerous weapon, to which appellant had pleaded guilty in 1966. Appellant assigns this as error on the ground that the nature of the 1966 conviction could not be relevant in proving guilt of the crime for which appellant was on trial. We must look at the particular details of this case to resolve this issue properly.

During cross-examination appellant denied that he had ever stabbed or raped anyone. In answer to a question by the prosecution, appellant said that in 1966 he had merely threatened to do those things. He denied that he mentioned anything about the 1966 episode in his conversations with Miss Dowd. He did admit displaying the knife to Miss Dowd as a "conversational piece." The 1966 information itself only charges that appellant, while armed with a hunting knife, did "threaten the life of Iris E. Lonning by holding a hunting knife to her throat."

■ At oral argument before us the state contended that the 1966 information was admissible to impeach appellant's testimony because appellant had attempted to minimize the nature of his previous conviction. It is true that when a witness minimizes the nature of a previous conviction, or denies having been convicted, the examining party can overcome this by evidence which tends to establish the precise nature of the previous offense. Christy v. United States, 17 Alaska 107, 261 F.2d 357 (9th Cir. 1958). Even then great care must be taken to assure that the inquiry does not

become diverted into litigating an issue collateral to the case under trial. Little v. State, 79 Okl.Cr. 285, 154 P.2d 772 (1945).

■ But a careful scrutiny of the record in this case reveals that appellant did not falsify the nature of the precise crime for which he had previously been convicted. He answered correctly when he said that he was convicted in 1966 of only threatening the victim of the assault. At trial the prosecution proposed to impeach appellant by evidence which would have detailed the events surrounding the 1966 conviction. The court properly refused to permit this proof. It was then that the information was admitted in evidence.

■ We hold that in the circumstances of this case the admission of the 1966 information was error. What was material to the case on trial was that appellant had been convicted previously of a crime which is specified in the statute prohibiting the carrying of certain weapons. Appellant had not lied or equivocated on cross-examination when asked about the nature of the previous conviction. The prosecution contended that appellant was lying when he denied having raped or stabbed the victim of the 1966 assault, but proof of those facts would have been beyond the proper scope of cross-examination or impeachment. Admitting the information into evidence could only serve to focus the jury's attention upon the details of the earlier offense and possibly to cause them to believe that appellant had raped or stabbed the victim of the 1966 offense.[2] These were facts which the prosecution was not entitled to prove. The information should not, therefore, have been admitted in evidence.[3]

### III

Appellant testified that he carried the knife clipped on the outside of his coat pocket so that part of it was visible and part was concealed. The evidence of other witnesses tended to contradict appellant.

At the close of the case appellant asked for a jury instruction which would have defined "concealed about the person" to mean "completely hidden, secreted or screened from you." This was denied. The court's instructions merely stated as an element of the offense that "a knife was carried concealed upon the person of the defendant," without further definition.

■ Most jurisdictions follow the rule that a weapon is concealed if it is hidden from ordinary observation. It need not be absolutely invisible to other persons. Mularkey v. State, 201 Wis. 429, 230 N.W. 76 (1930); People v. Jones, 12 Mich.App. 293, 162 N.W.2d 847 (1968). We think this is a sound and practical interpretation of the statutory language.

Because the question of concealment was critical to appellant's guilt, we think he was entitled to an instruction on this question. Unlike Wilson v. State, 473 P.2d 633, 636–637 (Alaska 1970), counsel here did submit a proposed instruction. While that proposed instruction did not state the rule of law we have adopted, the applicable rule for Alaska was not known because it had not been decided by us. Counsel did, therefore, make the court aware of the problem presented and of the need for an instruction on this subject.

McKee testified that he carried the knife only partially concealed, and in such a way that an observer would know it was a knife. Without an instruction stating the

2. We note that the prosecutor in final argument alluded to appellant having been convicted in 1966 of holding a hunting knife to the throat of his sister-in-law.

3. Quite different problems are presented when a witness offers an extenuating account of the nature of his previous criminal conviction. Some authorities permit

no explanation. Lamoureux v. New York, N. H. & H. R. Co., 169 Mass. 338, 47 N. E. 1009 (1897) (Holmes, J.). Others permit it within careful bounds and subject to the discretion of the court. United States v. Boyer, 80 U.S.App.D.C. 202, 150 F.2d 595 (1945) (Edgerton, J.). We need not pass upon the question in this case.

proper definition of "concealed," the jury might have believed McKee's version of the facts, yet have concluded erroneously that he could be found guilty under the terms of the statute if any portion of the knife was hidden from view.

 Generally, it is not necessary to define for the jury each elemental term in a statute describing a crime when the words have a common meaning. Dunn v. State, 426 P.2d 993 (Alaska 1967). But where the word is susceptible of differing interpretations, only one of which is a proper statement of the law, an instruction must be given.[4] It was therefore error to refuse to give an instruction defining the term "concealed."[5]

Reversed and remanded.

DIMOND, J., not participating.

---

4. *See*, People v. Escarcega, 273 Cal.App. 2d 853, 78 Cal.Rptr. 785 (1969); People v. Gokey, 2 A.D.2d 231, 153 N.Y.S. 2d 717 (1956); People v. Shifrin, 206 Misc. 813, 134 N.Y.S.2d 861 (1954); Williams v. State, 97 Okl.Cr. 229, 263 P.2d 527 (1953).

5. In our opinion a proper instruction would be the following:
"The term 'concealed' means that the weapon is not discernible through ordinary observation by persons coming into proximity with the person carrying it, as persons do in the ordinary and usual associations of life."