Argued October 27, affirmed November 26, 1971

# STATE OF OREGON, *Respondent, v.*
# NORRIS LYNN RAIFORD, *Appellant.*

490 P2d 1036

*William E. Hanson,* Portland, argued the cause for appellant. With him on the brief were Dardano, Mowry & Hanson, Portland.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Plaintiff was convicted of receiving and concealing a stolen credit card, ORS 165.045, and appeals, alleging errors: (1) that a motion to suppress the credit card as evidence should have been allowed; (2) a warrant for arrest of the defendant for larceny should not have been received in evidence; and (3) the verdict of 10 to 2 for conviction was unconstitutional. Less than unanimous verdicts were upheld in *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

The state produced testimony from police officers, part of which was disputed by the defendant's testimony, from which the jury could have inferred the following. Defendant, driving an automobile alone at night in Portland, was stopped by a police patrol car because his automobile had no license plate light as required by law; when he was asked for a driver's license the defendant could not display a current license. As the arresting officer was making out citations for these traffic offenses he made a records check by radio with the police bureau and was informed that there was a warrant outstanding for the defendant on a larceny indictment. The officer arrested the defendant on the basis of this warrant, placed him in the police car, and proceeded to make an inventory of the items in the defendant's automobile. Police operating procedure required that the automobile of a person arrested while operating an automobile alone

on a public road be towed by a private towing company to a garage for protection of the defendant's property. The inventory was required and necessary to hold the tow-car operator accountable for it and its contents. Among the items inventoried in this instance was an ARCO credit card issued to one Harley Holbrook. The officer asked defendant if the card was his and defendant answered in the affirmative.[1] Thereafter, the police learned that the credit card had been stolen in a robbery. This information resulted in the instant indictment. At the trial, after testimony was received that the larceny warrant was the reason for defendant's detention by the police, the court received in evidence a copy of the warrant.

■ ■ The court properly refused to suppress the credit card because it was the duty of the police officer to protect defendant's property when he arrested and detained defendant. Any evidence of other crimes discovered in this process was not the product of an illegal search or seizure. *State v. Erickson,* 1 Or App 546, 548, 464 P2d 707 (1970). Defendant concedes that a majority of jurisdictions follow this rule, but urges us to follow what he terms a minority rule to the contrary. We have examined the cases cited by defendant and find them unpersuasive.

We agree with the reasoning of cases such as *State v. Montague,* 73 Wash2d 381, 438 P2d 571 (1968), and *Cotton v. United States,* 371 F2d 385, 392 (9th Cir 1967), which were the basis of the trial court's ruling. In *Montague,* the court said:

"When, however, the facts indicate a lawful arrest, followed by an inventory of the contents of the automobile preparatory to or following the im-

---

[1] No *Miranda* issue was raised. Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

poundment of the car, and there is found to be reasonable and proper justification for such impoundment, and where the search is not made as a general exploratory search for the purpose of finding evidence of crime but is made for the justifiable purpose of finding, listing, and securing from loss, during the arrested person's detention, property belonging to him, then we have no hesitancy in declaring such inventory reasonable and lawful, and evidence of crime found will not be suppressed." 73 Wash2d at 385.

■ The police officers testified that the reason for defendant's physical arrest and detention was that a larceny warrant was outstanding for his arrest. Defendant moved for a mistrial when this was first mentioned to the jury because, "* * * it was * * * prejudicial * * * for him to mention * * * that [defendant] was wanted on another charge." Essentially the same contention was made by defendant throughout the trial. If the officers had not given this explanation it would not have been clear to the jury why the defendant was detained, with the resultant discovery of the stolen credit card, because the traffic citations alone ordinarily would not be reason for such detention.

In *McKee v. State,* 488 P2d 1039 (Alaska 1971), the court said that a witness to an event should be permitted to testify in a natural manner about what he observed, even if it involves reference to an unrelated crime for which defendant is chargeable.

"* * * This ordinarily includes such background facts as where the witness was, how he happened to be there, and what interrelationship he may have had with other persons present at the event about which the witness testifies. Otherwise the testimony of the witness may seem distorted,

improbable, or incredible to some degree. To strip away such background evidence may well result in an artificial or false picture of what occurred * * *." 488 P2d at 1041.

■ This reasoning is applicable to the instant situation. However, there was no reason for the warrant to be received in evidence, because the jury had already been informed that such a warrant was outstanding for the defendant and that the bail set thereon was $1,000, and that was the reason for detention. The copy of the warrant which was received in evidence revealed nothing that the jury didn't already know. It was proper evidence, but cumulative, and that is why we say there was no reason to receive it. The entire record, viewed as a whole, does not indicate that it was overemphasized by the prosecution, however, and its presence in evidence was harmless—particularly when, as here, other evidence of guilt was overwhelming.

Affirmed.