Argued February 22, affirmed March 23, 1972

STATE OF OREGON, *Respondent, v.* JOHN W.
SEAY, JR. (No. C-71-01-0116), *Appellant.*

495 P2d 41

*Gerald D. Wygant,* Portland, argued the cause for

appellant. With him on the brief was Richard G. Helser, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This appeal is a companion case to *State v. Seay,* 94 Adv Sh 727, 8 Or App 509, 495 P2d 39 (1972), in which defendant's conviction of armed robbery was affirmed. In this case defendant appeals from conviction and sentence for possession of a narcotic drug. ORS 474.020.

In addition to the facts set forth in the former opinion the evidence in this case indicates that when the defendant was arrested for the armed robbery he stepped outside of the automobile used in the robbery and threw back into it a hypodermic syringe which was confiscated by the arresting officer and which, under laboratory examination, was disclosed to contain heroin. This charge resulted. His arrest was on January 4, 1971; he was indicted February 19, 1971; trial date was continued on April 23; and he was actually tried on July 28, 1971.

As he did in the robbery case, defendant contends here that he was denied a speedy trial and that he was twice placed in jeopardy in violation of his constitutional rights. We find even less reason for these contentions in the instant case than in the other. They merit no further discussion.

Defendant's third assignment of error in the case at bar is that the court erroneously heard evidence that defendant had been arrested for the armed robbery. The way the evidence objected to came about was:

The prosecutor's witness was Officer Kanzler who made the arrest. On direct examination he made no allusion to the fact that the defendant was carrying a weapon when arrested and had been charged for that in municipal court, or that defendant had been involved in an armed robbery and that was the reason the automobile in which he was traveling was under police surveillance. On cross-examination the defense attorney asked about the weapon found upon the defendant. At that point the court stopped the proceedings, and, *in camera,* said:

"THE COURT: * * * [W]hat was the object of asking about this weapon and so forth? Of course, I notice the District Attorney stayed away from it and so did the officer and even discussion of the alleged robbery * * *."

After proceedings resumed before the jury, defense counsel persisted in questioning about the weapon. The cross-examination of the arresting officer then changed to the subject of whether, because of defendant's "lack of cooperation and general attitude," the officer informed the defendant he would place the additional charge of illegal possession of a narcotic drug against him. This provoked objections from the district attorney which were overruled. The officer denied defense counsel's contention. After the cross-examination was concluded the district attorney, on redirect examination, questioned Officer Kanzler about why the defendant was prosecuted on the drug charge and whether any remark had been made by the officer

to the defendant concerning defendant's lack of cooperation. The officer denied any such statement and the prosecutor then asked:

"Q   Can you tell the jury the substance of the comment you made at the time you presented this warrant [on the drug charge]?

"A   Yes. Mr. Seay asked me, he says, 'What's this all about?' And I said, 'Well, this is what happens when you get caught in an armed robbery—'."

The court immediately stopped the proceedings, and, *in camera,* discussed with counsel what had just been said. The court then observed that it believed that the prosecution was entitled in the original instance to bring out the fact that the automobile in which the defendant was traveling was under surveillance because of an armed robbery so that the jury would not be left without understanding why the officers suddenly stopped the vehicle and with drawn revolvers arrested its occupants. The jury proceedings resumed and the court said to the jury:

"THE COURT: Now, this defendant * * * is not being charged with armed robbery before you, but he's being charged in narcotics. But I think you're entitled to know why the officers stopped the car, rather than speculate why they were sitting out there in the middle of the night. Ordinarily, other evidence of alleged crimes are not admissible.

"I'm not going to say anything more but I permitted that much to go to you. You're entitled to know that background, why the officers are there and why they stopped the occupants."

In jury instructions the court said:

"* * * I'm instructing you now as a matter of law that you are not to take those [evidence of other charges pending against defendant] into consideration in any respect. * * * This is entirely

a different matter, beyond your concern and your consideration."

Particularly, in view of the manner in which the witness's remark concerning the armed robbery charge came about, and the curative instruction given by the court, we think the observations which we quoted in *State v. Raiford,* 7 Or App 302, 490 P2d 1036 (1971), is appropriate.

"In *McKee v. State,* 488 P2d 1039 (Alaska 1971), the court said that a witness to an event should be permitted to testify in a natural manner about what he observed, even if it involves reference to an unrelated crime for which defendant is chargeable.

" '* * * This ordinarily includes such background facts as where the witness was, how he happened to be there, and what interrelationship he may have had with other persons present at the event about which the witness testifies. Otherwise the testimony of the witness may seem distorted, improbable, or incredible to some degree. To strip away such background evidence may well result in an artificial or false picture of what occurred * * *.' 488 P2d at 1041." 7 Or App at 305-306.

Affirmed.