Argued May 16, reversed and remanded June 9, petition for
rehearing denied June 22, petition for review
allowed September 6, 1972

STATE OF OREGON, *Appellant, v.* BARBARA
JEAN KELLER (No. C-71-10-3266 Cr.),
*Respondent.*
497 P2d 868

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Howard R. Lonergan,* Portland, argued the cause for respondent. With him on the brief was Glenn A. Geurts, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

The state appeals from an order suppressing as evidence illegal drugs taken from defendant's automobile after her arrest. Evidence at the suppression hearing was that two police officers saw the defendant

driving her automobile on the streets of Portland on October 17, 1971. They had stopped her for driving without a license on October 4; therefore, they stopped her to learn if she had obtained a license and found she did not have one. A radio check indicated her license was under suspension. Therefore, they placed her under arrest and placed her in their vehicle. The only other occupant of defendant's car was a male companion who was intoxicated. They placed him under arrest for being drunk on the street. When the officers "frisked" him, they found bullets in his pocket; consequently they looked on the floor where he had been sitting and discovered a pistol. They then arrested him for possession of a concealed weapon.

The officers called for a tow truck to remove the automobile from the street and in accordance with police department operating procedure, inventoried its contents. On the floor under the place where defendant had been sitting was an open cosmetics case in which numerous syringes and similar paraphernalia were visible. On the floor of the back seat was a fishing tackle box, the latch of which was broken. It was tied around with red wire. The police untied the wire, looked inside, and saw the illegal narcotics which formed the basis of the present charge and which the defendant moved to have suppressed.

The suppression hearing was concluded December 20, 1971. Our decision in *State v. Raiford,* 7 Or App 302, 490 P2d 1036 (1971), in which an inventory search was approved, came down on November 26, 1971. The trial court received a copy of our opinion in *Raiford* on the morning of the day when it made its order. The trial court distinguished *Raiford* on the basis that the credit card which was seized there was

in plain view, whereas the narcotics here were not. The court held that the police had no authority in the case at bar to untie the fishing tackle box and look inside without obtaining a warrant.

We do not agree that our holding in *Raiford* is distinguishable under the facts at bar. Our opinion in *Raiford* made no mention that the credit card was in plain view. We based our opinion upon the reasoning in *State v. Montague,* 73 Wash 2d 381, 438 P2d 571 (1968). There, the Washington Supreme Court approved an inventory search of a vehicle after the driver was arrested in which police looked into a paper bag and found marihuana. We see little difference in looking into a closed paper bag and looking into a box no more securely closed than was the box in the case at bar.

■ Defendant has urged upon us *Arizona v. Ruiz,* — Ariz App —, 495 P2d 516 (1972), and *Boulet v. Arizona* (In Re One 1965 Econoline, I.D. # E16JH-702043, Ariz. L. EC-7887), — Ariz App —, 495 P2d 504 (1972). In *Boulet* the Arizona Court of Appeals reviewed cases concerning inventory searches of vehicles and concluded that it would join those states which adopt the view that inventory searches are not reasonable under the Fourth Amendment of the United States Constitution. The California Supreme Court came to a similar conclusion in *Mozzetti v. Superior Court,* 4 Cal 3d 699, 94 Cal Rptr 412, 484 P2d 84 (1971).① The California and Arizona courts expressed

---

① *Mozetti* is distinguishable on its facts from the case at bar in that there was no arrest of the defendant there. Her vehicle was in police custody because it had been in an accident where she was injured and hospitalized. The police were required to remove her unattended, damaged vehicle from the highway, and in doing so inventoried the contents of a closed suitcase which contained marihuana.

disbelief that it is necessary for police to make inventories in order to protect themselves from spurious claims of theft, or for loss or destruction of property when vehicles become their responsibility by reason of arrest of the owners or occupants thereof. We and the Supreme Court of the State of Washington in *Montague* have come to the opposite conclusion. The *Montague* decision is supported by cases cited from courts in five states and several federal circuits.

After reconsideration in the light of the California and Arizona decisions, we continue to agree with the reasoning of the *Montague* case. In this type of case, the defendant's actions which bring on his arrest are the moving force which causes the inadvertent discovery of the contraband. Where the vehicle is to be placed in the possession of tow truckers and possibly others whom the police cannot constantly watch, it is unreasonable to hold that the rights of the defendant against invasion of privacy rise higher than those of the police to protect themselves from possible personal liability because they perform their duty. Generally, under such circumstances, an inventory search is reasonable. The circumstances of a particular case may be such that an exception should be made to the general rule.

In this connection, we call attention to the condition of our former decision; that the search may not be a general exploratory search for the purpose of finding evidence of crime but must be made for the justifiable purpose of finding, listing and securing from loss, during the arrested person's detention, property belonging to him. The first question is whether a *bona fide* arrest or arrests have been made which require taking into custody of all of the vehicle's occu-

pants, so that the vehicle must be placed in the hands of third parties. After that, there is also the question whether the security of personal property in the vehicle indicates, reasonably, whether an inventory will be helpful in meeting claims of loss that may later be made. Whether the search is reasonable under all the circumstances is a fact determination to be made by the court.

■ The trial court, with reference to the evidence it had heard on the motion to suppress in the case at bar, said:

"* * * [U]nder the circumstances of this case, the officer at least believed that what he was doing was complying with an administrative necessity as opposed to making a search for evidence; at least, that's the thrust of his testimony.

"And while there's been a great deal written in the law reviews, we don't have any great amount of direction from our own court on these things; this is why I think this is an ideal case to go to the Court of Appeals."

We take these remarks to be a finding that the inventory was *bona fide* and not undertaken as a search for evidence, and we hold that the evidence should not have been suppressed. This is so, even though what the officers saw in plain view may have given them probable cause to believe they would find narcotics if they conducted a search of the vehicle.[2]

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] In *Chambers v. Maroney*, 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970), it was held that a warrantless search of a vehicle is valid when police have probable cause to believe it contains contraband.