Raymond SEARS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–975.

Court of Appeals of Alaska.

Feb. 14, 1986.

Carol Greenberg, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Raymond Sears was convicted, following a jury trial, of burglary in the second degree, AS 11.46.310. Alaska Statute 11.46.-310 provides: "(a) A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime in the building." The state proved at trial that Sears had been in the Gavora Shopping Mall in Fairbanks the evening of November 3, 1983. Some of the shops had closed, though the mall area was still open to the public. The "Sew'n Vac" store was closed, with a sliding iron gate pulled across the entrance to prevent patrons still in the mall from entering.

At trial, the state proved that Sears was observed straightening a clothes hanger, and that Sears used the clothes hanger to reach through the Sew'n Vac iron gate to obtain a hand-held vacuum cleaner worth approximately $100. The state did not dis-

pute that only the clothes hanger, or at the most Sears' arm, entered the Sew'n Vac store. At the close of evidence, the state proposed the following instruction regarding "enters" as used in AS 11.46.310:

> A person enters a building when he introduces any part of his body or any part of any instrument, if such instrument is being used to commit the crime intended, by whatever means, into the building.

Sears objected to the proposed instruction, arguing that "enters" is a term within lay comprehension and that the definition proposed is not the current law in Alaska. Judge Gerald Van Hoomissen overruled Sears' objection and gave the instruction to the jury. Sears now appeals Judge Van Hoomissen's instruction.

■ Under Criminal Rule 30, the court "shall instruct the jury on all matters of law which it considers necessary for the jury's information in giving their verdict." Alaska R.Crim.P. 30(b). Further, the trial court is under a duty to instruct the jury on the essential elements of the offense. *See Thomas v. State*, 522 P.2d 528, 531 (Alaska 1974). However, whether or not a particular instruction should be given is left to the discretion of the trial judge. *Buchanan v. State*, 561 P.2d 1197, 1207 (Alaska 1977).

■ Alaska Statute 11.46.310 requires a showing that the accused "enters or remains unlawfully." This appeal involves the definition of the term "enters." Generally, words which have a commonplace meaning need not be defined for the jury. *Dunn v. State*, 426 P.2d 993, 995 (Alaska 1967). However, "where the word is susceptible to differing interpretations, only one of which is a proper statement of the law, an instruction must be given." *McKee v. State*, 488 P.2d 1039, 1043 (Alaska 1971) (reversible error not to give instruction defining "concealed").

■ We believe "enters" in the context of this case, is susceptible to more than one meaning. "Enters" could mean the defendant's whole body, or it could mean part of his body, or it could mean entry merely by

an instrument, as here. We believe that Judge Van Hoomissen did not abuse his discretion in defining "enters" for the jury. *See Buchanan*, 561 P.2d at 1207. We need only now determine whether the instruction was an accurate statement of Alaska law.

On appeal, Sears concedes that Judge Van Hoomissen's instruction accurately reflects the common law definition of "enters." *See* W. LaFave and A. Scott, *Handbook on Criminal Law*, § 96 at pp. 710–11 (West 1972). Sears argues, however, that the legislature's codification of the criminal code never embraced the common law definition, and therefore it should be assumed the legislature considered the common law definition and rejected it.

■ In *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 250, 96 L.Ed. 288, 300 (1952), the Supreme Court stated:

> [W]here congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.

Similarly, we believe our legislature is presumed to be aware of common law terms of art and the meaning such terms will carry into the courtrooms of this state. In addition, we note that AS 11.46.310 is derived substantially from New York Penal Law. Alaska Department of Law Criminal Code Manual, § 4 at 4–6—4–7 (1979); *Arabie v. State*, 699 P.2d 890, 894–95 n. 3 (Alaska App.1985). While New York, like Alaska, does not define "enters" by statute, the commentaries are instructive:

> The word "enter" ... does not necessarily mean that the intruder must place his entire body inside the premises. The former Penal Law ... provided that the word "enter" included "the entrance of the offender into such building or apartment, or the insertion therein of any part of his body or of any instrument or weapon held in his hand, and used, or intended to be used, to threaten or intim-

idate the inmates, or to detach or remove." ... Such conduct would also constitute "entering" within the meaning of subdivision five of § 140.00.

N.Y. Penal Law § 140.00 (McKinney 1973 & Supp.1984) and commentary at pp. 15–16.

■ We think that "enters" in Alaska also means that the intruder enters by entry of his whole body, part of his body, or by insertion of any instrument that is intended to be used in the commission of a crime. We find no abuse of discretion regarding Judge Van Hoomissen's instruction to the jury. *See Buchanan*, 561 P.2d at 1207.

AFFIRMED.