Willie PITKA, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–6901.

Court of Appeals of Alaska.

Feb. 4, 2000.

---

8. *See Dunham v. City and Borough of Juneau,* 790 P.2d 239 (Alaska App.1990).

Sharon Barr, Assistant Public Defender, Anchorage, and Barbara K. Brink, Public Defender, Anchorage, for appellant.

Marcelle K. McDannel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellee.

Before COATS, Chief Judge,
MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Willie Pitka, Jr. was convicted, following a jury trial, of burglary in the first-degree and sexual assault in the first-degree for entering the residence of T.N. with the intent to commit sexual assault and then sexually assaulting her.[1] Pitka argues that Superior Court Judge Richard D. Savell erred in failing to instruct the jury on an element of sexual assault in the first-degree: proof that Pitka recklessly disregarded T.N.'s lack of consent. We conclude that Judge Savell erred in failing to instruct on this element of sexual assault in the first-degree.

T.N. lived with her daughter Edna in a house on Upper Kalskag. At trial, Edna testified that she left the house on the evening of March 7, 1997. She stated that her mother was drunk. Edna's brother, Mike Pitka, was present at the residence and Edna assumed that he would stay overnight with their mother.

T.N. testified that on the evening of March 7 she went to bed at 11:00 p.m. She woke up and discovered Willie Pitka, Jr. on top of her. According to T.N., Pitka managed to remove her clothing while lying on top of her. She stated that Pitka put his penis inside of her and she was unable to push him away. Afterwards, she said that Pitka fell asleep next to her.

When Edna returned the next morning between 8:00 and 8:30 a.m., her brother Mike Pitka was in the house making coffee. Edna went to her mother's room and saw Pitka lying next to her mother, fully clothed, except for shoes and socks. Edna went into the kitchen to talk to Mike Pitka, who had no idea that Willie Pitka, Jr. was there. Apparently Mike Pitka had not stayed at T.N.'s residence the previous evening. Edna went back to the room and woke Willie Pitka, Jr. up and told him to leave. She then left the house to call the state troopers and the health aid to report that her mother had been raped. When Edna returned from making these calls, Mike Pitka and Willie Pitka, Jr. were at the kitchen table drinking. Edna again told Willie Pitka, Jr. to leave. Following an investigation, Willie Pitka, Jr. was charged with burglary in the first-degree and sexual assault in the first-degree based upon this incident.

Prior to trial, the state made an offer of proof that it had available three women who would testify that Pitka had engaged in nonconsensual sexual misconduct with them. The state asserted that the testimony of these witnesses would be admissible under A.R.E. 404(b)(3), which provides that in a prosecution for the crime of sexual assault, evidence of similar sexual assaults "is admissible if the defendant relies on a defense of a consent." Judge Savell stated that if Pitka presented evidence of consent or argued that T.N. consented to the sexual activity, these incidents would be admissible under A.R.E. 404(b)(3). Pitka did not testify and apparently decided not to produce any evidence of lack of consent to avoid having these witnesses testify.

■ At the close of the evidence, the court and counsel discussed jury instructions. Pitka argued for an instruction which required the jury to find that he "recklessly disregarded T.N.'s lack of consent" in order to convict him of sexual assault in the first-degree. The elements of sexual assault in the first-degree were set out in Pitka's proposed jury instruction as follows:

---

1. AS 11.46.300(a)(1); AS 11.41.410(a)(1).

First, that the event in question occurred at or near Upper Kalskag, in the Fourth Judicial District, State of Alaska, and on or about March 8, 1997;

Second, that Willie J. Pitka, Jr., knowingly engaged in sexual penetration with T.N.,

Third, that the penetration occurred without the consent of T.N.; and

*Fourth, that the defendant recklessly disregarded T.N.'s lack of consent.* (Emphasis added).

Relying on Alaska Criminal Pattern Jury Instruction 41.410(a)(1), Judge Savell refused to give this instruction. In Pattern Jury Instruction 41.410(a)(1), the element that the defendant recklessly disregarded the victim's lack of consent is in brackets.[2] According to the use notes accompanying the pattern instruction, "[t]he bracketed fourth element in this instruction must be included if the defense [of] consent is at issue."[3] Judge Savell concluded that since Pitka had not presented any evidence of consent in order to avoid having the state present prior sexual assaults, consent was not an issue in the case and therefore he would not instruct the jury that it had to find that the defendant recklessly disregarded T.N.'s lack of consent. Judge Savell stated that, if Pitka argued that T.N. consented, he would stop the argument and allow the state to call its witnesses. Pitka responded that he would be arguing that all of the elements of the offense were not proven. Judge Savell conceded that Pitka could argue that the jury could disbelieve T.N., but reiterated that if Pitka argued that T.N. consented, he would allow the state to present its witnesses. Judge Savell gave the following instruction on the elements of sexual assault in the first degree:

First, that the event in question occurred at or near Upper Kalskag, in the Fourth Judicial District, State of Alaska, and on or about March 8, 1997;

Second, that Willie J. Pitka, Jr., knowingly engaged in sexual penetration with T.N.;

Third, that the penetration occurred without the consent of T.N.

We conclude that Judge Savell erred in giving this instruction. AS 11.41.410(a) defines the crime of sexual assault in the first-degree as engaging "in sexual penetration with another person without consent of that person." In *Reynolds v. State*,[4] the defendant argued that the sexual assault statute was unconstitutionally vague because a person could be convicted of violating the statute without being aware that he was acting without the consent of the other person. We concluded, however, that under the rule of construction codified in AS 11.81.610(b)(2), the sexual assault statute had to be construed to require proof that the defendant recklessly disregarded his victim's lack of consent:

In order to prove a violation of AS 11.41.410(a)(1), the state must prove that the defendant knowingly engaged in sexual intercourse and recklessly disregarded his victim's lack of consent. Construed in this way, the statute does not punish harmless conduct and is neither vague nor overbroad.[5]

In *Russell v. State*,[6] we again recognized that the reckless disregard of the victim's lack of consent was an element of the offense:

In general, a charge of first-degree sexual assault requires proof of two main elements: first, that the act of sexual penetration occurred without the victim's consent, and second, that the defendant acted recklessly with regard to the victim's lack of consent.[7]

These decisions make it clear that the instruction which Judge Savell gave the jury omitted an element of the offense of sexual assault in the first degree: that the defen-

---

**2.** Alaska Criminal Pattern Jury Instruction 41.410(a)(1) (1988 Rev.).

**3.** *Id.*

**4.** 664 P.2d 621 (Alaska App.1983).

**5.** *Id.* at 625; *see also* AS 11.81.610(b)(2).

**6.** 934 P.2d 1335 (Alaska App.1997).

**7.** *Id.* at 1340.

dant recklessly disregarded T.N.'s lack of consent to sexual intercourse.

The trial court is under a duty to instruct the jury on the essential elements of an offense.[8] Further, it is constitutional error not to instruct on an essential element of a crime " 'because it lets [the jury] convict without finding the defendant guilty of that element.' " [9] As the U.S. Supreme Court has stated, both the Fifth and Sixth Amendments to the United States Constitution require that criminal convictions "rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." [10] Under the court's instructions, the jury was not required to find an element of an offense for which Pitka was charged: that Pitka had recklessly disregarded T.N.'s lack of consent. Since the jury did not find this element of sexual assault in the first degree, we must reverse Pitka's conviction for this offense.

Pitka was convicted of burglary on the theory that he entered T.N.'s residence with the intent to commit the crime of sexual assault. Pitka has not argued that the defect in the sexual assault conviction affected his conviction for burglary and we find no prejudice. We accordingly affirm Pitka's conviction for burglary in the first-degree.

Following his conviction, Pitka filed a motion for a new trial. In his motion, Pitka pointed out that Judge Savell violated Criminal Rule 27.1(b) which requires the court to inform the defendant of his right to testify before the defense rests its case: "[i]f the defendant has not testified, the court shall ask the defendant to confirm that the decision not to testify is voluntary." In denying the new trial motion, Judge Savell acknowledged that he had not made this inquiry.

But he pointed out that, in Pitka's affidavit, Pitka had not alleged any prejudice. Judge Savell pointed out that Pitka did "not claim that he was prevented from testifying, that he was advised by his attorney that he could not testify, or that he wished to and would have testified."

We agree with Judge Savell that Pitka was required to allege that he would have testified. The supreme court's holding in *LaVigne v. State* makes it apparent that the defendant must allege that he would have testified.[11] In *LaVigne*, the supreme court concluded that LaVigne's "behavior does indicate that he clearly wished to testify in response to the prosecution's case." [12] After finding that LaVigne would have testified, the court remanded the case so that "the defendant may be given an opportunity to show that he would have offered relevant testimony had he been allowed to testify." [13] The facts in Pitka's case do not suggest that he would have testified or that he was prevented from doing so. Further, Pitka made no attempt to modify his affidavit after Judge Savell alerted him to the defect. Accordingly, Judge Savell did not err in denying Pitka's new trial motion.

We conclude that Pitka's conviction for sexual assault in the first-degree must be REVERSED. We AFFIRM Pitka's conviction for burglary in the first-degree.[14]

MANNHEIMER, Judge, concurring.

I agree that Pitka's conviction for first-degree sexual assault must be reversed, and I also agree that his conviction for first-degree burglary should be affirmed, but I wish to clarify why the burglary conviction should be affirmed.

8. *See Sears v. State*, 713 P.2d 1218, 1219 (Alaska App.1986); *see also* Criminal Rule 30(b).

9. *United States v. Tagalicud*, 84 F.3d 1180, 1184 (9th Cir.1996) (*quoting United States v. Caldwell*, 989 F.2d 1056, 1060 (9th Cir.1993)); *see also Martinez v. Borg*, 937 F.2d 422, 424 (9th Cir. 1991).

10. *United States v. Gaudin*, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (*quoting Sullivan v. Louisiana*, 508 U.S. 275, 277–78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)).

11. 812 P.2d 217 (Alaska 1991).

12. *Id.* at 221; *see Hurn v. State*, 872 P.2d 189, 193–99 (Alaska App.1994).

13. *Id.*

14. Our disposition of these issues makes is unnecessary to address Pitka's sentencing arguments.

The majority opinion tersely states that Pitka "has not argued that the defect in the sexual assault [instruction] affected his conviction for burglary[,] and we find no prejudice." This sparse explanation suggests that we are affirming Pitka's burglary conviction in large measure because he failed to attack it. But even if Pitka had explicitly argued that the defect in the sexual assault instruction tainted his burglary conviction, this contention would be meritless.

The jury was told that, to convict Pitka of burglary, they had to find that he unlawfully entered the residence with the intent to commit sexual assault. As explained in the majority opinion, even though the first-degree sexual assault instruction was flawed, the instruction did inform the jury that this crime required proof of non-consensual sexual penetration. Thus, in combination, the burglary instruction and the sexual assault instruction accurately conveyed the concept that Pitka could not be convicted of burglary unless the government proved that he entered the victim's residence with the intent to engage in non-consensual sexual penetration with her. This was the requisite culpable mental state to support Pitka's conviction for burglary.[1]

---

1. Compare *Echols v. State*, 818 P.2d 691, 694–95 (Alaska App.1991), where we discussed the culpable mental state necessary to establish a person's complicity in a crime requiring proof of reckless conduct. We held that when a person is charged with aiding or abetting the commission of a crime requiring proof of reckless infliction of injury, the government must prove that the alleged accomplice acted, not just recklessly, but with the *intent* that the victim suffer injury.