Argued March 2; affirmed March 7, 1939

STATE *v.* GERRISH

(87 P. (2d) 769

Department 1.

*William G. Hare*, of Hillsboro (Thomas H. Tongue, Jr., and Bagley & Hare, all of Hillsboro, on the brief), for appellant.

*G. Russell Morgan*, District Attorney, of Hillsboro, for the State.

KELLY, J. The indictment herein charges the defendant with the crime of rape committed upon his 14-year-old daughter. The occurrence transpired on August 16, 1937, which was the fifteenth birthday of de-

fendant's sister-in-law. Earlier in the evening, defendant's daughter had called at the house of defendant's sister-in-law to present her with a box of candy. Later, defendant came with an automobile and took the girls to his home.

Defendant persuaded the two girls to go to bed with him in his bedroom. He placed himself between them in bed and first violated his daughter; then turned his lascivious attentions upon his sister-in-law and within fifteen or twenty minutes ravished her. Then defendant got out of bed to make use of a towel. Having done so, he returned to the bed to practice his lechery upon his daughter the second time.

■ The first assignment of error is based upon the court's action in receiving testimony of the girls wherein they not only told of defendant's crimes upon his daughter but also recounted defendant's libidinous conduct with his sister-in-law. We think that these three offenses form a part of the same transaction. Defendant induced the two girls to go to bed with him where he committed a crime, first, upon his daughter, then upon his sister-in-law and then again upon his daughter. The state could not have presented its case in a way that would correctly reflect the story of the crime charged in the indictment, if defendant's victims had been prevented from relating fully what defendant did in the commission of it.

If deleted, as defendant insists that it should have been, their testimony would not have correctly reflected the whole truth. Its incompleteness would have discredited it. It was therefore necessary to receive the whole odious story notwithstanding that, in its vile and appalling entirety, it portrays such nauseatingly repulsive moral obloquy, abysmal human degradation

and wholly unrestrained torrent of criminally unnatural vice as to sicken even the maggots of earth, bring turgid glee to the heartless harpies of hell and expose to agonizing anguish the angelic host of heaven.

■ The second assignment of error is based upon seven questions which were propounded to defendant by the district attorney. Objections thereto were interposed and sustained. Defendant's counsel asked the court to admonish the district attorney. This was not done. Twice, however, in sustaining objections, the court instructed the jury in effect that, when he sustained an objection to a question, the jury should thereafter wholly disregard it.

We find no merit in the assignments of error.

The judgment of the circuit court is affirmed.

RAND, C. J., and BAILEY and ROSSMAN, JJ., concur.