Argued January 30, affirmed February 20, petition for rehearing denied March 15, petition for review denied May 30, 1973

STATE OF OREGON, *Respondent, v.*
JAMES L. HODGES (No. 78836),
*Appellant.*
506 P2d 530

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was charged with the crime of rape in the first degree. ORS 163.375. The indictment alleged that defendant committed the crime upon Olivia Gonzales, also known as Olivia Hodges, the nine-year-old daughter of defendant's wife. Defendant was found guilty by a jury of attempted rape in the first degree and received a 10-year sentence.

Defendant's first assignment of error is that the trial court erred in allowing witnesses to testify concerning certain statements made by defendant which referred to sexual misconduct with the sister of the prosecutrix. The facts pertinent to this assignment are as follows. Defendant was arrested by one Detective Worley. After advising defendant of his "Miranda"[1] rights, Detective Worley asked defendant if he had been involved sexually with the prosecutrix, Olivia. Worley stated defendant replied that approxi-

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

mately "one week after Maria" (the sister of the prose-cutrix, who shared her bedroom), he "did the same thing" to Olivia. Detective Worley then asked defendant if he had completed the act of sexual intercourse and defendant stated, "I don't know but I think I did get it in a little ways." Detective Worley was allowed to testify concerning this conversation, including the quoted portion which referred to Maria.

Following that conversation, Detective Worley and defendant went to the sheriff's office where they had a further conversation which was taken down in shorthand by a secretary and later transcribed. In that conversation defendant first told Detective Worley about his having had sexual contact with Maria. The statements (which related solely to his contact with Maria) were not put before the jury. However, the following portions of the transcribed statement were read to the jury:

"QUESTION: Now, approximately over a week after this incident with Maria were you involved in a similar situation with Olivia?

"ANSWER: I walked into the back room. There's a petitioned (sic) off area and we made a bedroom for the girls pretty close to the back door where I hang my coat and overalls after working. And Olivia called me and I went over and sat on the bed and she asked what I did to Maria, we call Chui, and I told her nothing and she said she told her about it. And I said told you what? She said, what you did. And she grabbed ahold of my pants and she said you put this in Maria. And she wanted me to do this to her. And this wasn't my idea. And she had her pants off before I went in there and I did it. The same thing I did to Maria.

"QUESTION: You did the same thing to her?

"ANSWER: Yes.

"QUESTION: Tell us what you did?"

The remaining questions and answers read to the jury involved the nature of defendant's act, which he asserted did not include penetration.

■■ Defendant contends that the court erred in allowing the witnesses to testify to these statements by defendant insofar as they made reference to his sexual misconduct with Maria. Two grounds are asserted for this contention. First, defendant cites the well-established rule that proof of other crimes is inadmissible when its sole purpose is to blacken the character of the defendant and to make it appear more likely to the jury that he is guilty of the crime at bar. *State v. Ellis,* 243 Or 190, 412 P2d 518 (1966). *See also State v. Hamilton,* 5 Or App 266, 268, 483 P2d 90, Sup Ct *review denied* (1971). Second, he cites an equally well-established rule that evidence of similar or prior sexual acts or crimes on one other than the prosecutrix is inadmissible. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949).

■ Those rules are inapplicable to the case at bar. This is not a case where the prosecution deliberately attempted to introduce evidence of other sexual abuses by the defendant. Indeed, the prosecution was scrupulously careful to avoid using any such evidence. With regard to defendant's two statements, the trial judge, after studying the possibilities, concluded that the references to Maria were inseparable from the remainder of the statements, since without those references the statements would have made no sense. We agree. The references by defendant to what he had done to each of the girls were so intertwined that the statements make sense only when read in their entirety. *Cf., State v. Linn,* 179 Or 499, 173 P2d 305 (1946);

*State v. Gerrish,* 161 Or 76, 87 P2d 769 (1939). In such a situation, to the extent that the parts are in fact not severable, the statement is admissible, notwithstanding the fact that reference is made to other criminal activity. *See* 7 Wigmore, Evidence 497-98, § 2100 (3d ed 1940); 23 CJS 199, 201-202, Criminal Law § 820. *See also State v. Raiford,* 7 Or App 302, 490 P2d 1036 (1971).

■ Defendant's second assignment of error is that the trial court erred in its instruction regarding the elements of the crime of attempted rape. Defendant reads the transcript to state that the court instructed the jury that sexual intercourse is a material element of attempted rape. We note that defense counsel does not appear to have taken exception to the instruction on that ground. However, even if we assume that the exception was properly taken, the assignment has no merit. When the instructions are considered as a whole, it is clear that the jury was correctly instructed. *Cf. State v. Hammick,* 2 Or App 470, 469 P2d 800 (1970).

Affirmed.