174

Argued March 24, affirmed April 21, reconsideration denied
May 28, petition for review denied June 24, 1975

STATE OF OREGON (No. 15-654), *Respondent, v.*
CHARLES EUGENE HARRIS, *Appellant.*

534 P2d 202

*William B. Reisbick,* Milwaukie, argued the cause for appellant. With him on the briefs were Erlandson & Reisbick, Milwaukie.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and LEE, Judges.

FORT, J.

Defendant challenges his conviction by a jury of the crime of conspiracy to commit theft. ORS 161.450. His principal contention is that the court erred in denying his motion for judgment of acquittal.

■ The property charged to be the subject of the conspiracy was a dog named Dobra. There was evidence

that in 1970 defendant, who owned Dobra at that time, was a trainer, exhibitor, handler and breeder of registered dogs, and that he sold Dobra as a puppy to Mr. and Mrs. Barcroft. Evidence further shows that (1) defendant then offered and agreed to show the animal at dog shows for them; (2) defendant did show the dog; (3) in time, the dog attained championship status; and (4) defendant had estimated its value as high as $5,000. The evidence also showed that in the spring of 1974 defendant, at his own request, was put in touch by a third person with one Guthrie, whom he sought to induce for money to steal Dobra from the Barcrofts and in the process thereof to break both of Mr. Barcroft's legs, for which acts defendant offered to pay a large sum of money. This was reported by Guthrie to the police, and subsequently the defendant, pursuant to prior arrangement, upon being shown the dog at a mutually selected and arranged shopping center parking lot by a man whom defendant believed to be an accomplice of Guthrie, paid him the sum of $800 with the intention of taking delivery of the dog. The person to whom defendant paid the money at that time and place was in fact an undercover police officer who, subsequent to the payment of the money, promptly arrested defendant instead of turning the dog over to him. It is not contended that Guthrie was an agent of the police. The evidence also showed that the Barcrofts, in order to enable defendant to exhibit the dog for them at American Kennel Club-sponsored dog shows, allowed defendant, in accordance with his request, to be listed as "co-owner" on the dog's certificate filed with the American Kennel Club as required by the latter's rules, and that solely for the purpose of such exhibitions they allowed defendant to take the dog to shows and have the dog in his possession on such occasions. Defendant contends that as a matter of law he was, therefore, not guilty of the crime charged. It is undisputed, however, that neither

at the time he contacted Guthrie to commit the theft
nor at the time he paid the $800 was either act in any
way related to the exhibition of the dog at any dog
show. There was ample evidence from which the jury
could find that such acts were done solely in further-
ance of an intent to permanently deprive the Barcrofts
of the dog and of any right, title or interest in it. We
think there was sufficient evidence to warrant sub-
mission of the charge to the jury.

■ The remaining assignments relate to the admis-
sion into evidence of certain tapes upon which were re-
corded telephone conversations between defendant
and Guthrie and between defendant and the under-
cover police officer, believed by defendant to be Guth-
rie's accomplice. He objects to the latter because of
the absence of any *Miranda* warnings. Defendant was
not then, nor at any time prior thereto, in custody.
*State ex rel Juv. Dept. v. Brown,* 19 Or App 427, 431,
528 P2d 569 (1974), Sup Ct *review denied* (1975).
The tapes were clearly relevant to the establishment
both of the existence of the conspiracy and the crim-
inal intent of defendant to steal the dog.

■ As to the tape-recorded conversations between
defendant and Guthrie, defendant objects because the
court refused to have excised therefrom those "highly
prejudicial" portions thereof where defendant, as a
part of his solicitation to Guthrie to steal the dog for
pay, also stated that in the process he wanted both
of Mr. Barcroft's legs broken. That evidence may be
prejudicial obviously does not itself render it inad-
missible. Here, it was clearly competent to show the
intent of defendant to solicit the theft of the dog as
charged. The challenged portion was an integral part
of the recorded conversation establishing the criminal
conspiracy and defendant's criminal intent. That it
also showed an intent of defendant to commit a further

crime against Mr. Barcroft, the owner of Dobra, does not lessen its probative value in establishing the crime charged. It was closely intertwined to the theft of the dog and an integral part of the conspiracy. *See: State v. Joseph,* 252 Or 610, 612, 451 P2d 468 (1969); *State v. Hodges,* 12 Or App 477, 506 P2d 530, Sup Ct *review denied* (1973), and cases cited therein.

Affirmed.