**STATE of Utah, Plaintiff and Respondent,**

v.

**Larry D. SCHIEVING, Defendant and Appellant.**

**No. 13930.**

Supreme Court of Utah.

May 27, 1975.

David Paul White, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

Defendant was found guilty of mishandling of public monies, a felony under the laws of this State. Defendant appealed from his conviction requesting this court to reverse or, in the alternative, to grant him a new trial.

Defendant was employed in the Traffic Department, Violations Division, of Salt Lake City, as an assistant director of the department. One of his duties was the handling of bail money and bail receipts from the county jail. On January 7, 1974, two copies of a bail receipt and the cor-

responding money in the sum of $170 were discovered missing by the head of the department. Defendant was subsequently charged with mishandling the missing $170.

 Defendant claims that the trial court was guilty of error in admitting evidence of another shortage within the Traffic Violations Bureau. The general rule is that in a criminal case evidence which shows or tends to show that the defendant had committed another crime in addition to that for which he is on trial is inadmissible. However, an exception to the rule is that evidence of another crime is admissible when it tends to establish motive; intent; absence of mistake or accident; or to show a common scheme or plan embracing commission of similar crimes so related to each other that the proof of one tends to establish the crime for which the defendant is on trial. In this case evidence of another shortage within the defendant's department was not prejudicial, and this is especially true in view of the fact that defendant testified as to the other shortage, and it was his testimony that introduced the subject into the trial.[1]

 As a second claim of error, the defendant urges that admission of evidence tending to show that he was heavily indebted and that his financial condition was poor was prejudicial. Evidence was admitted by the court that two garnishments had been issued and served against the city which attached the defendant's salary. Evidence of the defendant's indebtedness and financial condition tend to establish material matters concerning motive and intent. A showing that a defendant is in straitened circumstances and that he owes money tends to show a motive for embezzlement.[2] Likewise a similar showing would tend to show the defendant's motive for the misapplication of public monies.

The defendant assigns other errors which we deem to be without merit. The conviction of the defendant is supported by ample evidence, and we find no error which would justify a reversal or a new trial. The verdict and judgment of the court below are affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

---

1. State v. Harries, 118 Utah 260, 221 P.2d 605; State v. Christiansen, 98 Utah 278, 94 P.2d 472; State v. Lopez, 22 Utah 2d 257, 451 P.2d 772.

2. Dimmick v. United States, 70 C.C.A. 141, 135 F. 257; Wigmore on Evidence, 3d Ed., Vol. II, Sec. 392.