The STATE of Utah, Plaintiff
and Respondent,

v.

Gloria DANKER, Defendant
and Appellant.

No. 16200.

Supreme Court of Utah.

Aug. 22, 1979.

Mark W. Nash, Vernal, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Gloria Danker was convicted by a jury of witness tampering,[1] for dissuading her seven-year old daughter from testifying in a proceeding against one Kenneth D'Anza, who was living with the defendant, and who was charged with committing forcible sodomy upon the daughter. The defendant was fined $250, her sentence was suspended and she was placed on probation for two years.

Defendant contends that allowing testimony of details concerning the alleged at-

1. In violation of 76–8–508, U.C.A.1953.

tack upon her daughter so prejudiced the jury that she was deprived of a fair trial.

About 4:00 a. m. on August 6, 1978, the defendant called the Vernal Police Department to report a disturbance. When Officers Mel Curtis and Reed Merrill arrived at her home, the defendant and D'Anza were arguing on the front porch. When D'Anza started to leave, the defendant asked the officers to stop him, stating that she had caught him in bed with her daughter a short while earlier. The officers arrested D'Anza; and then took the defendant and her daughter to the hospital.

En route, the defendant instructed her daughter to tell the officers what had happened, which she did. At the hospital, Detective Robert Downard told the defendant that D'Anza would be charged and that he (Downard) would come to her home the next day to continue the investigation. On August 7, Detective Downard informed the defendant that an investigation of the offense was in progress and that her daughter would be called to testify concerning the matter.

Later that afternoon, the defendant took her daughter to a health center in Vernal for further physical examination and was met there by Officer John Parker. While there, Officer Parker told the defendant that her daughter would be placed in a temporary home through the State Division of Family Services. He testified that the defendant then told her daughter not to testify against D'Anza and not to talk to any more police officers about the case; and that he and Detective Darrell Lance took the defendant and her daughter to the Division of Family Services office. Both officers testified that the defendant again instructed her daughter to forget what she had told the police about D'Anza.

A temporary care order was issued and the defendant's daughter was removed from her custody. As the officers were leaving, Officer Parker testified that the

defendant stated: "There goes your case, suckers. You haven't got a case, suckers." The defendant was subsequently arrested.

 Section 76–8–508, U.C.A., 1953, under which the defendant was charged, provides that a person is guilty of the offense if:

(1) *Believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise causes a person to:*

 a) Testify or inform falsely; or

 b) *Withhold any testimony, information* . . . [Emphasis added.]

It will be noted that under that statute the state has the burden of proving beyond a reasonable doubt: that the defendant knew an official investigation was in progress; that she knew her daughter would be a witness in any subsequent proceedings; and that she told her daughter not to testify.

The defendant does not contend that the evidence was insufficient as to any of those elements. Her argument is that permitting the officers to testify as to details of the alleged assault as related by the little girl, was designed to inflame the jury by casting the defendant in the role of "a mother who defended a man accused of abusing her own daughter." She asserts that this evidence was unnecessary and that its prejudicial effect so far outweighed its probative value that the trial court should have excluded it.

 Rule 45(b) of the Utah Rules of Evidence provides that a judge may, in his discretion, exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will create a substantial danger of undue prejudice. The general rule is that if evidence is relevant and competent, the mere fact that it may be inflammatory does not render it inadmissible.[2] The reason for this is that the jury is entitled to know the truth of the situation in order to arrive at a just verdict;

---

2. *State v. Renzo*, 21 Utah 2d 205, 443 P.2d 392 (1968); *State v. Harris*, 21 Or.App. 174, 534 P.2d 202 (1975); *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (1977).

and notwithstanding the prerogative of the court to exclude evidence, he should only do so if he thinks it will cause the processes of justice to go awry. This Court respects his prerogative in that regard and will not interfere with his ruling unless it clearly appears that he so abused his discretion that there is likelihood that an injustice resulted.[3]

 When the prosecutor referred to the events surrounding the forcible sodomy in his opening statement, the defendant's counsel objected, raising the question as to a possible later introduction of prejudicial evidence. At that time, the court advised the jury that:

> . . . any other offense, other than the witness tampering case that we have here this morning, is not before you at this time. The only way that that may become relevant at all is just as a background or a setting in which other witnesses may testify that something may have occurred.

During the trial, defense counsel again objected to testimony relating to that other offense as not being relevant; and the trial judge overruled the objection.

Significantly, after the evidentiary phase of the trial had been completed and, at the request of the defendant's counsel, the court submitted the following cautionary instruction to the jury:

> . . . the defendant is charged with the specific offense of witness tampering, as set forth in these instructions . . . you should not allow yourselves to be prejudiced against her by any relationship she may have had with Mr. D'Anza or by the fact that he has been charged.

It is plainly apparent from the record that Judge Ballif manifested great concern and acted with scrupulous care in safeguarding the defendant's right to have her guilt or innocence determined only on this particular charge, and solely upon the evidence relating thereto. This conclusion finds support in the fact that the defendant's counsel himself stated to the court that the cautionary instruction given was satisfactory to him.

In the absence of anything appearing to the contrary, we think it is proper to assume the jurors adhered to their oath and performed their duties in a conscientious manner, without letting passion or prejudice influence their decision:[4] and that the trial court similarly discharged his responsibilities.

Affirmed. No costs awarded.

WILKINS, HALL and STEWART, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent.

Defendant was charged in the information as follows:

> Whitney D. Hammond, County Attorney of Uintah County, State of Utah, accuses Gloria Danker of the crime of tampering with a witness in violation of Section 76–8–508, Utah Code Annotated, 1953, as amended, and charges that the said Gloria Danker, on or about the 7th day of August, 1978 in Uintah County, State of Utah, believing that an official proceeding or investigation was pending or about to be instituted did attempt to induce or otherwise cause a person to withhold testimony or testify or inform falsely.

The pertinent parts of Sec. 76–8–508 are:

> A person is guilty of a felony of the third degree if:
>
> (1) Believing that an official proceeding or investigation is pending or about

3. *State v. Pierre*, Utah, 572 P.2d 1338, 1352–53 (1977). See also *State v. Flett*, 234 Or. 124, 380 P.2d 634 (1963); *State v. Gallo*, 20 Wash.App. 717, 582 P.2d 558 (1978).

4. *Segura v. People*, 159 Colo. 371, 412 P.2d 227 (1966). See *State v. Seymour*, 18 Utah 2d 153, 417 P.2d 655 (1966).

to be instituted, he attempts to induce or otherwise cause a person to:

(a) Testify or inform falsely; or

(b) Withhold any testimony, information, document, or thing; . . .

It can readily be seen no element of proof of the crime charged requires the introduction of testimony describing the obscene activities of another person who is charged with another and different crime. The acts described in the testimony were indeed obscene, inflammatory, irrelevant, and immaterial.

Additionally, it is a violation of Rule 63, U.R.E. I would reverse for a new trial.