The STATE of Utah, Plaintiff and Respondent,

v.

Eloy Paul LOPEZ, Defendant and Appellant.

No. 16532.

Supreme Court of Utah.

Feb. 24, 1981.

---

Jo Carol Nessett Sale and Ronald J. Yengich, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice: *

Eloy Paul Lopez appeals from his conviction by a jury of the crime of murder in the second degree for killing one Lynn Oliver outside the Drift Inn Bar in Lark, Utah, on the night of November 10, 1977.

---

* CROCKETT, J., wrote this opinion prior to his retirement.

He contends that the court committed error in: (1) the admission of evidence of his having committed another crime, (2) failing properly to instruct the jury on the lesser included offense of manslaughter, (3) ruling on impeachment evidence offered by the defendant, and (4) refusing to allow a defense witness to give his opinion as to the truth and veracity of a state's witness.

On November 10, 1977, defendant Lopez went to the Drift Inn Bar in Lark, Utah, where he drank a few beers and some liquor. About 20 to 30 minutes later, Lynn Oliver arrived and engaged him in a conversation. They discussed a fight that Lopez had had with one Donny Waltz about two weeks earlier at the same bar. The discussion became heated and developed into a fight between Lopez and Oliver. The two men were ejected and the fight continued at the back of the bar. Oliver went to the ground. One witness, Kimberly Horrocks, testified that as Oliver lay on the ground, Lopez, who was wearing steel-toe boots, walked over to Oliver and kicked him twice in the head. Oliver went into convulsions and began gasping for breath. Paramedics arrived and gave Oliver treatment and took him to a hospital where efforts were made in vain to save his life.

An autopsy revealed that Oliver died of two fractures of his skull, consistent with his having been kicked twice by a boot.

Defendant Lopez testified in his own behalf. He admitted fighting with Oliver both inside and outside of the bar, but denied kicking Oliver in the head. His version was that both of them fell to the ground while fighting and that Oliver went into convulsions. Whereupon, Lopez attempted mouth-to-mouth resuscitation. On direct examination, he testified that the fight occurred as a result of an argument over the earlier fight he had had with Donny Waltz and related some of the details.

On cross-examination of Lopez, counsel for the state asked about more details of the earlier fight and inquired of Lopez whether he had kicked Donny Waltz in the head when he lay on the ground. The court overruled defendant's objection to the question and motion for a mistrial. Lopez answered "no" to the question. He denied that he had kicked Donny Waltz in the head, or at all, when he was down.

The state presented Janice Ortega as a rebuttal witness. Over objection of defendant's counsel, she testified that in the fight between appellant and Donny Waltz she saw Lopez kick Donny Waltz while he lay on the ground. Besides objecting to the testimony, defendant again moved for a mistrial. The court overruled defendant's objection and denied his motion.

Defendant claims that the reception of the testimony of Janice Ortega about his having kicked Donny Waltz when he was down was in violation of Rule 55 of the Utah Rules of Evidence. That rule provides:

> Subject to Rule 47, evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to Rule 45 and 48, such evidence is admissible when relevant to prove some other material fact including absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity.

The general purpose of the rule is that an accused is entitled to be tried on the offense with which he is charged, and that generally, evidence of prior acts of misconduct are not admissible. However, if the defendant himself opens up the subject as to prior incidents, it becomes subject to cross-examination and refutation the same as any other evidence.[1] In this case, this exception to the general rule applies with special force, since the prior fight with Donny Waltz was not unrelated to the instant crime, but was the direct cause of the argument which erupted into the altercation in

1. Sec. 77–44–5, U.C.A.1953; *State v. Vance*, 38 Utah 1, 110 P. 434 (1910); *State v. Schieving*, Utah, 535 P.2d 1232 (1975); *State v. Mora*, Utah, 558 P.2d 1335 (1977).

which the defendant inflicted the injuries upon Oliver which caused his death.

In *State v. Green*, Utah, 578 P.2d 512, 513 (1978), this Court stated:

> ... if he (the accused) offers himself as a witness, he then becomes subject to being treated as any other witness. This includes cross-examination on any matter which would tend to contradict, explain or cast doubt upon the credibility of his testimony.

The defendant further asserts that the testimony of Janice Ortega was introduced to inflame and prejudice the jury; and that it violated the rule against the impeachment of a witness on a collateral matter.

█ Inasmuch as it is the purpose of the prosecution to prove the charge against the defendant, it is hardly surprising that he would regard the state's evidence as prejudicial to his case. If evidence is otherwise relevant and competent, the fact that it may also be inflammatory does not deprive the state of its use, nor the jury from knowing what the facts are.[2]

█ Insofar as the guilt or innocence of the defendant is concerned, it would seem that the question as to whether or not he kicked Oliver in the head after Oliver lay on the ground is critical. Inasmuch as the evidence was in diametric conflict (Kimberly Horrocks testifying that she so saw the defendant kick Oliver twice in the head, and defendant denying the kicking), it became not only material, but of paramount importance, to determine who was telling the truth. Under such circumstances, there is no impropriety in receiving evidence bearing upon the credibility of the witness.[3] The receipt of this evidence of Janice Ortega had the further justification that it was in refutation of defendant's denial that he had kicked Donny Waltz when he was down. For the foregoing reasons, we do not agree with the defendant's claim that it was error to admit her testimony.

Defendant contends that the court erred in the manner in which it instructed the jury on the lesser included offense of manslaughter. It instructed on such included offense under alternative (a), as provided in Section 76–5–205, U.C.A.1953, but refused defendant's request to submit alternatives (b) and (c):

(a) That the defendant recklessly caused the death of Lynn Oliver.

(b) That the defendant caused the death of Lynn Oliver under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse; or

(c) That the defendant caused the death of Lynn Oliver under circumstances where he reasonably believed the circumstances provided a moral or legal justification or extenuation for his conduct although the conduct is not legally justifiable or excusable under existing circumstances.

Bearing on this problem is Section 76–1–402(4), U.C.A.1953:

> The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

█ It is the prerogative and the responsibility of the trial court to make the preliminary determination as to what offenses reasonable minds might find from the evidence. In this instance, we see no reason to disagree with the trial court's view that there was no reasonable basis in the evidence to justify instructing on alternative (b) above, that it could be found that there was extreme mental or emotional disturbance for which there was a reasonable explanation, or (c), a belief by the defendant that the circumstances provided a moral or legal justification or extenuation for his acts.

█ Defendant also assigns error in the sustaining of objection to the proffered

---

2. *State v. Danker*, Utah, 599 P.2d 518 (1979).

3. *Gulf v. Matthews*, 100 Tex. 63, 93 S.W. 1068–1070 (1906).

opinion of a defense witness, John Watson, as to the reputation of the state's witness Kimberly Horrocks, for truth and veracity. We have no disagreement with the general proposition that if an impeaching witness knows such reputation of the other witness he may testify concerning that fact. The basis of the court's ruling was that in questioning Mr. Watson it was shown that he had never discussed, or heard any discussion, nor any remarks made, about Ms. Horrocks' reputation for truth and veracity in the community, but that his opinion was based solely on his personal acquaintance with her. A leading authority of the subject, Jones on Evidence, Sixth Edition 1972, Section 26:21, page 225, makes this statement:

> According to the weight of authority, the opinion of the impeaching witness is to be based upon his knowledge of the reputation of the other witness and not upon his individual opinion of his qualities or character.

The trial court's ruling was in harmony with that principle.

The defendant has been accorded his entitlement to a full and fair consideration of his contentions by the court and the jury, with all of the ample protections which our law affords, and has been judged guilty of the offense charged. We are not persuaded that there has been any such error as to justify reversing his conviction.

Affirmed. No costs awarded.

HALL and STEWART, JJ., concur.

MAUGHAN, C. J., and WILKINS, J., do not participate herein.