**STATE of Utah, Plaintiff and Appellee,**

v.

**Kirk Scott SAUNDERS, Defendant and Appellant.**

**No. 930148–CA.**

Court of Appeals of Utah.

March 3, 1995.

Rehearing Denied May 5, 1995.

585

Curtis C. Nesset, Salt Lake City, for defendant and appellant.

Thomas B. Brunker and Jan Graham, Salt Lake City, for plaintiff and appellee.

Before DAVIS, JACKSON and ORME, JJ.

## OPINION

ORME, Presiding Judge:

Defendant Kirk Scott Saunders appeals his conviction for sexual abuse of a child, a second degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990). We affirm.

## FACTS

"We recite the facts in the light most favorable to the jury's verdict." *State v. Cosey*, 873 P.2d 1177, 1178 (Utah App.), *cert. denied*, 883 P.2d 1359 (Utah 1994). *Accord State v. Hamilton*, 827 P.2d 232, 233 (Utah 1992).

In January 1980, defendant married. He and his wife had three children: a daughter, B.C.S., and two sons. The couple separated in September 1990. In accordance with the childrens' wishes and the couple's agreement, their mother had temporary custody of B.C.S. and one of the sons, while defendant had temporary custody of the third child. Neither parent had overnight visitation rights with the other child or children until February 1991.

In April 1991, Detective Michael Mitchell investigated allegations by B.C.S., who was seven at the time, that defendant had touched her inappropriately. Defendant explained to Detective Mitchell that B.C.S. had wet her pants, resulting in a rash on and around her buttocks and vaginal area, and he had applied Desitin ointment to treat the affected areas. No charges resulted from this investigation, but B.C.S.'s overnight visits with her father ceased temporarily.

In February 1992, B.C.S. resumed overnight visits with defendant. These visits continued intermittently until June 7, 1992. According to testimony, on approximately fifteen separate occasions during this timeframe, defendant rubbed B.C.S.'s vagina and chest with his hand.

Detective Mitchell again investigated the allegations of abuse, interviewing B.C.S. on July 9, 1992, and attempting to contact defendant. When his attempt to contact defendant failed, Detective Mitchell left a note on defendant's windshield asking defendant to call him. Defendant called back the following day and, when informed that Detective Mitchell wanted to speak to him about his daughter, defendant stated that he was going on vacation for two weeks and would call Detective Mitchell upon his return. Defendant left the state and failed to contact Detective Mitchell as promised. Defendant was arrested in Las Vegas, Nevada, on September 24, 1992.

The State charged defendant with one count of attempted rape of a child and one count of sexual abuse of a child. The case proceeded to trial. At the close of the State's case, the trial court granted the State's motion to dismiss the attempted rape

of a child charge due to insufficient evidence. The jury convicted defendant of the remaining count of sexual abuse of a child. It is from this conviction that defendant now appeals.

## ISSUES PRESENTED ON APPEAL

Defendant presents several issues on appeal. First, defendant claims the trial court erred by refusing to remove for cause a juror who claimed to have been sexually abused. Second, defendant challenges one of the trial court's jury instructions as violating the unanimity requirement. Third, defendant claims the prosecutor engaged in misconduct by eliciting testimony concerning prior bad acts allegedly committed by defendant. Finally, defendant asserts he was denied effective assistance of counsel.[1]

## CHALLENGE FOR CAUSE

Defendant argues that the trial court committed reversible error by failing to remove a prospective juror for cause. The juror responded affirmatively to the trial court's inquiry as to whether any of the prospective jurors had "[b]een a victim of incest or molestation." Subsequently, both the trial court and defense counsel extensively questioned the juror in chambers regarding the nature of the abuse. During this individual voir dire, the juror revealed that she had been a victim of what she characterized as sexual abuse in 1989 and 1990, that she was eighteen years old at the time, and that the abuse was perpetrated by a boyfriend over the span of a few months. The trial court then asked the juror whether her experience would prevent her from being a fair and impartial juror. She answered that while the nature of the criminal charges at issue in defendant's case might make her uncomfortable, it would not impede her ability to be fair, and she specifically stated that she believed defendant to be innocent until proven guilty. De-

fendant challenged the juror for cause, but the trial court refused to dismiss her. Defendant used one of his peremptory challenges to remove her from the jury panel.

■ We review a trial court's decision not to dismiss a juror for cause under an abuse of discretion standard, finding error only when the record clearly indicates that the decision was unreasonable. *State v. Olsen*, 860 P.2d 332, 334 (Utah 1993); *State v. Jonas*, 793 P.2d 902, 906 (Utah App.), *cert. denied*, 804 P.2d 1232 (Utah 1990). In order to succeed on appeal, a defendant must show that a juror's responses to voir dire questions or other facts in the record raised an inference that the juror harbored some bias, and then demonstrate that the trial court failed to adequately probe and then rebut that inference. *Jonas*, 793 P.2d at 906–07. In addition, a defendant must show that the failure to remove the juror actually prejudiced his case. *State v. Menzies*, 889 P.2d 393, 398 (Utah 1994).

■ While it is doubtful that defendant could in any event demonstrate prejudice, *see id.; State v. Carter*, 888 P.2d 629, 648–49 (Utah 1995), we hold that no error was committed because the prospective juror's comments did not create an inference of partiality or prejudice against defendant. The juror was not the victim of a crime sufficiently similar to raise such an inference. The juror indicated her boyfriend sexually abused her after she reached adulthood. In contrast, the State charged defendant with multiple incidents of incestuous child sexual abuse. Moreover, subsequent questioning by both the trial court and defense counsel sufficiently dispelled any inference of bias that may have been raised by the juror's initial response. She unequivocally stated that she would be fair and impartial and believed defendant to be innocent until proven guilty. Her candid admission that she felt uncom-

---

1. Defendant also claims that the evidence is insufficient to support his conviction, that the trial court erred in refusing to allow defense counsel the opportunity to question in chambers jurors who acknowledged having specialized knowledge about sexual abuse, and that the trial court erred in denying defendant's motion to sever the charges brought against him. Having reviewed the record and carefully considered the arguments, we conclude that these claims are without merit. We decline to address them further. *See State v. Carter*, 776 P.2d 886, 888–89 (Utah 1989); *State v. Vigil*, 840 P.2d 788, 795 (Utah App.1992), *cert. denied*, 857 P.2d 948 (Utah 1993).

fortable with the topic of sexual abuse does not automatically preclude her from objectively evaluating testimony that defendant might offer in opposition to the charges of sexual abuse. *See State v. Bishop,* 753 P.2d 439, 451–52 (Utah 1988).

We conclude that the trial court did not abuse its discretion in denying defendant's request that this prospective juror be excused from the jury for cause.

## JURY UNANIMITY

Without objection from the defense, the trial court gave Instruction No. 26 to the jury. Instruction No. 26 reads as follows:

> Before the jury arrives at a guilty verdict, the law requires that each of the jurors be satisfied beyond a reasonable doubt that an act alleged in the Information occurred. There is no requirement that the jurors be unanimous about precisely which act occurred or when or where the act or acts occurred. The only requirement is that each juror believe, beyond a reasonable doubt, that at least one prohibited act occurred sometime between October of 1991 and May of 1992, in Salt Lake County, involving the victim and the defendant.

Defendant now claims that because Instruction No. 26 allowed each juror to find that he committed only one act, while disbelieving he committed any other act, the instruction violated fundamental principles concerning jury unanimity because unanimity did not necessarily exist with respect to any one of the individual instances of criminal conduct attributed to defendant.

■ There can be no question that jury unanimity is necessary as to all elements of a crime. *See* Utah Const. art. I, § 10; Utah R.Crim.P. 21(b); *Tillman v. Cook,* 855 P.2d 211, 216 (Utah 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 706, 126 L.Ed.2d 671 (1994); *State v. Standiford,* 769 P.2d 254, 257–58 (Utah 1988). In the case at hand, the trial court instructed the jury to that effect, and the jury unanimously found beyond a reasonable doubt that defendant was guilty of all of the elements of the charged offense.[2] The narrow issue presented for review is whether Utah law requires the jury to be unanimous as to the specific incident or incidents of sexual abuse they believe defendant committed.

■ Because defendant failed to object to the allegedly erroneous instruction, we will reach the merits of defendant's claim only if the trial court committed plain error in giving the instruction. *See State v. Dunn,* 850 P.2d 1201, 1208–09 (Utah 1993). To establish plain error, defendant must show the following: (1) the instruction was erroneous; (2) the error should have been obvious to the trial court; and (3) but for the error there would be "a reasonable likelihood of a more favorable outcome" for defendant, or stated another way, that the instruction "undermines our confidence in the verdict." *Id.*

■ Regardless of whether Instruction No. 26 was actually erroneous,[3] we cannot

---

2. Given the court's Instruction No. 25 on the necessary elements of the crime, the jury found, beyond a reasonable doubt, that on or about October 1991 through May 1992, (1) defendant touched the genitals or breasts of B.C.S.; (2) at the time of the touching, B.C.S. was a child under the age of fourteen; (3) the touching was without the consent of B.C.S.; (4) the touching occurred in Salt Lake County, Utah; (5) the touching was done with the intent to arouse or gratify the sexual desire of any person, or, with the intent to cause substantial emotional or bodily pain to any person; and (6) defendant committed these acts intentionally or knowingly.

It should be noted that subsection (3) of the instruction—requiring that the child not have consented to the touching—is not a required element of the crime of sexual abuse of a child. *See* Utah Code Ann. § 76-5-404.1 (1990).

3. While no reported Utah decision has definitively decided this issue, dicta in one Utah Supreme Court decision tends to undercut defendant's theory. *See State v. Marcum,* 750 P.2d 599 (Utah 1988). In *Marcum,* the victim accused the defendant of multiple incidents of sexual abuse. *Id.* at 600–01. The defendant argued that the record lacked sufficient evidence to support his conviction because the victim's testimony concerning the times and places of the alleged abuse was confusing and inconsistent. *Id.* The Supreme Court rejected this argument, stating that the victim's confusion was

> consistent with the testimony that the abuse was frequent and ongoing during the course of the year. The testimony was sufficient to establish that defendant, *on at least one occasion* in the fall of 1984, touched the genitals of a

conclude that the instruction would have been *obviously* erroneous. Defendant concedes that his unanimity theory raises an issue of first impression in Utah. Therefore, nothing in the law of this jurisdiction notified the trial court that the instruction was obviously improper. *Cf. State v. Eldredge*, 773 P.2d 29, 35–36 (Utah) (error in failing to make written findings was not obvious where appellate decision establishing the requirement had not yet been decided and nothing in controlling statute required written findings), *cert. denied*, 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989); *State v. Braun*, 787 P.2d 1336, 1341–42 (Utah App.1990) (error in admitting expert testimony that violated *State v. Rimmasch*, 775 P.2d 388 (Utah 1989), was not obvious because *Rimmasch* had not been decided at time of trial and applicable rule of evidence did not preclude the evidence).

In addition, Utah cases considering jury unanimity in other contexts provide no uniform rule that, by extension, would have made it obvious to the trial court that Instruction No. 26 would be erroneous. *See, e.g., State v. Russell*, 733 P.2d 162, 163–68, 169–71, 175–78 (Utah 1987) (applying three distinct analytical approaches to conclude that jury unanimity is not required on alternative mental states necessary to support criminal homicide conviction); *State v. Tillman*, 750 P.2d 546, 562–68, 577–80, 585–88 (Utah 1987) (indicating division of views among justices as to whether jury must unanimously agree on specific aggravating

circumstance necessary to support first degree murder conviction), *cert. denied*, —— U.S. ——, 114 S.Ct. 706, 126 L.Ed.2d 671 (1994). Given the Utah Supreme Court's struggle in dealing with unanimity problems, we cannot say that any error the trial court committed in instructing the jury that it need not unanimously agree on which specific act of sexual abuse defendant committed—so long as it believed, beyond a reasonable doubt, that defendant was guilty of all of the elements of the crime charged—would have been obvious to the trial court.

Accordingly, we need not consider the other aspects of plain error analysis.[4] Because we conclude that giving Instruction No. 26 was not obviously in error, if it was error at all, we do not reach the merits of defendant's claim because it was not preserved for appeal.

## PROSECUTOR'S COMMENTS

Prior to the events of 1992 that led to defendant's arrest and subsequent conviction, police questioned defendant during the Spring of 1991 regarding the alleged sexual abuse of his daughter. However, the State did not charge defendant with any crime in the course of the 1991 investigation.

■ On the first day of trial, before the jury was selected, defense counsel made a motion in limine to suppress evidence concerning the 1991 investigation of defendant.

---

child under fourteen with the intent to arouse or gratify sexual desire.

*Id.* at 601 (emphasis added). This language suggests that so long as the jurors unanimously agreed that the defendant committed all the elements of the crime charged, they did not have to agree on which act or acts supported the conviction. *See id.* Accord *People v. Jones*, 51 Cal.3d 294, 270 Cal.Rptr. 611, 626–28, 792 P.2d 643, 658–59 (1990) (reasoning that difficulty in differentiating between various acts of sexual abuse should not preclude conviction so long as there is no reasonable likelihood of jury's disagreement that defendant committed any of the acts). *But see McKoy v. North Carolina*, 494 U.S. 433, 449 n. 5, 110 S.Ct. 1227, 1237 n. 5, 108 L.Ed.2d 369 (1990) (summarizing general agreement among federal appellate courts that jury must unanimously agree "as to the nature of defendant's

violation"—fact that a violation has occurred is not sufficient).

4. We note, however, that other jurisdictions that have examined this issue have gone on to characterize the claimed error as harmless rather than prejudicial. *See, e.g., People v. Moore*, 211 Cal. App.3d 1400, 1419, 260 Cal.Rptr. 134, 144–45, 148 (1989) (finding harmless any error in failing either to select specific offenses or give unanimity instruction where record indicated jury resolved basic credibility dispute against defendant and would have convicted him of any of various offenses shown by evidence to have been committed); *Thomas v. People*, 803 P.2d 144, 153–54 (Colo.1990) (holding that failure to instruct jury "that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all of the acts described by the victim" was harmless error).

Defendant sought to exclude the evidence pursuant to Rules 404(b) and 403 of the Utah Rules of Evidence, as being irrelevant and unduly prejudicial. The State opposed the motion, arguing that the evidence was important to show lack of mistake and was "necessary to help establish the chronology of the abusive episode." The trial court ruled that questioning about defendant's prior conduct would be allowed, but that the State was precluded from eliciting testimony concerning the details of the incidents which allegedly occurred in April of 1991, and that if a question concerning the 1991 events were asked, defense counsel should object and the court would rule on it at that time.[5]

Throughout the trial, the prosecutor referred to the 1991 episode. Virtually all of these allegedly improper statements were made by the prosecutor absent a contemporaneous objection from defendant. Defendant claims the prosecutor's repeated references to the 1991 investigation constituted prosecutorial misconduct which, although not objected to at trial, should be addressed on appeal because it was plain error for the court to permit it. *See State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993).

Defendant primarily focuses on comments made by the prosecutor during the State's case in chief and during closing argument to support his claim of prosecutorial misconduct.[6] The prosecutor's comments were undeniably at odds with the court's order in that the prosecutor discussed details of the 1991 investigation. It also appears that these comments were used to imply defendant's guilt based on his prior acts, and, if viewed in isolation, they might well constitute prosecutorial misconduct.[7]

---

5. Defendant makes only passing reference to the question of whether the trial court's ruling on the limited admissibility of the 1991 evidence was erroneous, while concentrating his argument on the prejudicial effects of the prosecutor's comments. Because defendant has not developed any argument explaining why the court's evidentiary ruling was itself erroneous, we do not address that question on appeal. *See State v. Horton*, 848 P.2d 708, 711 (Utah App.), *cert. denied*, 857 P.2d 948 (Utah 1993); *State v. Sampson*, 808 P.2d 1100, 1112 (Utah App.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1282, 117 L.Ed.2d 507 (1992).

6. While questioning witnesses, and during closing argument, the prosecutor repeatedly referred to the alleged incidents of abuse that occurred in the Spring of 1991 as well as the subsequent investigation. Typical is the following stream-of-consciousness offered in the prosecutor's closing argument:

> Now this is fundamental stuff. Everybody can do this. A lot of people like me, it helps to see this, but you start to get to the interesting stuff. Well, [the victim] talks about telling some people named the Hamiltons. When did that happen? Easter of 1991. Everybody can consult the calendar. Everybody knows when that is. It is March or April.... So we can put Easter in when she tells the Hamiltons. Somehow it gets out to the Hamiltons that dad is touching her. This is in 1991. April, '91 tells somebody. Tells somebody dad is touching her because of something she learned about in the second grade. In the second grade she learned about bad touches. A light goes on in her little head: "Hey maybe I should tell somebody about this like they told me at school. Maybe I shouldn't. Dad told

> me not to tell the adults. So I will tell my little friends," and away we go. Away we go.
> The State didn't even want to talk about all this stuff. We didn't charge him with anything until 1992. Do you know what happened? The 11th day of April, 1991, Det. Mitchell talks to this guy. Mitchell talks to the defendant right there. Where is that, 1991, April, bingo, right here (indicating).... What did they talk about? Well we don't know. We didn't get into that, did we, because we don't care, necessarily, except for one thing. I asked the defendant pointblank, "So, your decision not to put Desitin on your daughter's vagina anymore had something to do with your talk with Det. Mitchell in April, on April 11, 1991, didn't it?" And he said yes. So he is on notice right here that the State is real interested in how he treats his daughter's vagina. And the presumption of innocence saved his bacon in 1991, and the State didn't do anything and nothing happened.

> ....

> [The victim] tells on June 18th and on the 19th. The mother leaves a message the next day for Det. Mitchell and she has got to go talk to Det. Mitchell again. So, my gosh, he only talks 22 minutes. This is not a thorough investigation. Why doesn't he take more than 22 minutes? Maybe it is because he talked to her the year before a long time. He knows this girl. He knows what the story is. Basically all she has got to say to him is ... "He is doing it again. He is still doing it."

7. Prosecutorial misconduct requires reversal only if defendant has demonstrated that

> "the actions or remarks of [prosecuting] counsel call to the attention of the jury a matter it would not be justified in considering in deter-

However, it was defendant, not the prosecutor, who initially introduced a detailed version of what proved to be the 1991 incidents. Defendant apparently chose to introduce this evidence as a matter of strategy, presumably to demonstrate that he touched his daughter for medicinal rather than sexual purposes, and thus lacked the requisite intent necessary to support a conviction for sexual abuse of a child. While defendant testified in detail about his allegedly medicinal ministrations, he did not indicate that these touchings occurred only in 1991. Nonetheless, once defendant testified concerning the details of these incidents, he opened the door, allowing the State to elicit information clarifying when these incidents occurred. *See State v. Lopez,* 626 P.2d 483, 485 (Utah 1981). "[I]f the defendant himself opens up the subject as to prior incidents, [his testimony] becomes subject to cross-examination and refutation the same as any other evidence." *Id. See also Butterfield v. Cook,* 817 P.2d 333, 338 (Utah App.) (explaining that once evidence is properly presented, counsel for both sides may fully explore the evidence, inferences, and deductions arising therefrom), *cert. denied,* 826 P.2d 651 (Utah 1991). Defendant was not entitled to mislead the jury into believing that his testimony about rashes and ointment explained away the 1992 sexual abuse, when the touchings about which he testified actually occurred only in 1991.[8]

Having opened the door, defendant cannot now complain that the court's failure to intercede on his behalf and silence the prosecutor constituted plain error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant identifies three omissions by his trial counsel that he claims constituted ineffective assistance of counsel: (1) counsel failed to object to the prosecutor's references to the uncharged 1991 allegations of sexual abuse; (2) counsel did not object to Jury Instruction No. 26 on unanimity; and (3) during jury empanelment, counsel failed to challenge the prosecutor's cousin for cause.

■■■■ Because defendant presents this claim for the first time on appeal without a prior evidentiary hearing, his claim of ineffective assistance presents a question of law. *State v. Ellifritz,* 835 P.2d 170, 175 (Utah App.1992). Moreover, our review of counsel's performance must be "highly deferential" to avoid second-guessing "counsel's performance on the basis of an inanimate record." *State v. Callahan,* 866 P.2d 590, 593 (Utah App.1993). *See State v. Strain,* 885 P.2d 810, 814 (Utah App.1994).

■■■■ In order to prevail on his claim, defendant must establish two elements. First, defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Second, defendant must demonstrate that but for the specifically identified acts or omissions of counsel, there would exist a "reasonable probability" of a more favorable result. *Id.* at 694, 104 S.Ct. at 2068. *Accord State v. Tennyson,* 850 P.2d 461, 466 (Utah App. 1993). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Tennyson,* 850 P.2d at 466. *See State v. Tyler,* 850 P.2d 1250, 1258, (Utah 1993); *State v. Frame,* 723 P.2d 401, 405–06 (Utah 1986); *Strain,* 885 P.2d at 814.

■■■ Defendant claims that counsel's failure to object to either the prosecutor's comments concerning the uncharged incidents of alleged sexual abuse or the jury instruction on unanimity constituted ineffective assistance of counsel. We recently observed in *State v. Labrum,* 881 P.2d 900 (Utah App. 1994), that "if the error was plain to the trial court, it should also have been plain to trial

---

mining its verdict and, if so, under the circumstances of the particular case, whether the error is substantial and prejudicial such that there is a reasonable likelihood that, in its absence, there would have been a more favorable result...."
*State v. Cummins,* 839 P.2d 848, 852 (Utah App. 1992) (quoting *State v. Gardner,* 789 P.2d 273,

287 (Utah 1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1837, 108 L.Ed.2d 965 (1990)), *cert. denied,* 853 P.2d 897 (Utah 1993).

**8.** Defendant acknowledged on cross-examination that he never applied Desitin ointment to his daughter after 1991.

counsel, who should have raised an appropriate objection." *Id.* at 906. *Cf. Ellifritz,* 835 P.2d at 174 (noting symmetry of prejudice requirement under plain error and ineffective assistance analysis). Obviously, the converse is also true, i.e., if the error alleged by a defendant was in no way plain to the trial court, then, except, perhaps, under the most unusual circumstances, the error would not have been obvious to trial counsel. It follows that the failure of counsel to object to an alleged error that is not readily apparent cannot constitute an *objectively* deficient performance. Therefore, because we have already held that the prosecutor's comments about the uncharged 1991 sexual abuse and the jury instruction on unanimity did not give rise to plain error, we can only conclude that counsel's failure to interpose objections did not constitute the ineffective assistance of counsel.[9]

▪ Defendant also claims that he was denied effective assistance because his counsel did not challenge a prospective juror, who was the prosecutor's cousin, for cause. However, the record provides no basis for concluding counsel's performance was deficient in this respect. Counsel's performance will not be deemed deficient unless no conceivable tactical basis exists for counsel's actions. *State v. Garrett,* 849 P.2d 578, 579 (Utah App.), *cert. denied,* 860 P.2d 943 (Utah 1993). Moreover, we must presume that trial counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. *See also State v. Templin,* 805 P.2d 182, 186 (Utah 1990) (discussing presumption of trial

strategy); *State v. Cosey,* 873 P.2d 1177, 1179–80 & n. 2 (Utah App.) (explaining that when trial counsel reasonably participates in jury selection, ineffective assistance claim premised on the failure to challenge particular juror for cause is doomed to failure), *cert. denied,* 883 P.2d 1359 (Utah 1994).

In the case at hand, defense counsel may have had legitimate tactical reasons for keeping this juror on the panel.[10] For example, she may have concluded that he was likely to favor defendant in order to avoid the appearance of bias in favor of his cousin; that, based on her assessment of his demeanor, he harbored some hostility toward the prosecutor notwithstanding the familial relationship; that, based on her observations, he would have been more attentive than other jurors; or even just that she concluded his stated claim of impartiality was genuine and that he appeared conscientious.

We simply are not in a position to second-guess counsel's decision not to challenge this juror for cause when legitimate tactical reasons might explain the decision. Therefore, we hold that because counsel's performance was not objectively deficient, defendant's constitutional right to the effective assistance of counsel was not violated.

## CONCLUSION

Any inference of bias that may have arisen from the prospective juror's responses to voir dire was dispelled through subsequent questioning by defense counsel and the trial court. Regardless of whether the trial court should have instructed the jury that in order for it to convict, it must unanimously agree

---

9. With regard to the 1991 incidents, defense counsel did make a motion in limine to exclude the evidence, which motion met with limited success. As a matter of strategy, defense counsel nonetheless chose to elicit testimony concerning those incidents. Having chosen to open the door to questions concerning this period, it is conceivable, perhaps even probable, that counsel made a tactical decision not to object in order to avoid focusing the jury's attention on the proper context of the 1991 incidents or even to derive some benefit from its hoped-for confusion. We must presume that trial counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). We will not conclude that counsel's

performance was deficient unless there was a " 'lack of any conceivable tactical basis' for counsel's actions." *State v. Garrett,* 849 P.2d 578, 579–80 (Utah App.) (quoting *State v. Moritzsky,* 771 P.2d 688, 692 (Utah App.1989)), *cert. denied,* 860 P.2d 943 (Utah 1993).

10. The record indicates that defense counsel actively and conscientiously participated in voir dire. She challenged the prospective juror who described herself as a victim of sexual abuse for cause, and extensively questioned three other jurors concerning any specialized knowledge of sexual abuse. *See generally State v. Cosey,* 873 P.2d 1177, 1180 n. 2 (Utah App.), *cert. denied,* 883 P.2d 1359 (Utah 1994).

on the specific act of sexual abuse defendant committed, any error in not so instructing the jury was in no way obvious enough to constitute plain error. Because defendant opened the door to testimony concerning the uncharged 1991 incidents of abuse, the prosecutor was entitled to elicit details of the episode in order to prevent defendant from misleading the jury. Finally, defendant has not demonstrated that trial counsel's performance was objectively deficient to the extent that he was deprived of constitutionally adequate counsel.

Accordingly, defendant's conviction is affirmed.

DAVIS and JACKSON, JJ., concur.